**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MIKE L. TAYLOR                                                                                       PLAINTIFF

v.                                         Case No. 4:10CV01141 JLH

UNION PACIFIC RAILROAD                                                                DEFENDANT

**OPINION AND ORDER**

Plaintiff, Mike Taylor, commenced this action against defendant, Union Pacific Railroad, pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. Taylor alleges that he has a disability, alcoholism, and that Union Pacific impermissibly discriminated against him on account of his disability. Taylor also alleges that Union Pacific retaliated against him for an earlier suit he had filed. Union Pacific has moved for summary judgment, and Taylor has responded. For the following reasons, Union Pacific's motion is granted.

**I.**

This is the second action which Taylor has brought against Union Pacific in this Court. The Court has already laid out the history of Taylor's employment relationship with Union Pacific in its opinion and order granting summary judgment in Union Pacific's favor in that action. *See Taylor v. Union Pacific R.R.*, No. 4:07CV00501, 2008 WL 4057128, *1-2 (E.D. Ark. Aug. 27, 2008). In that case, Taylor alleged that Union Pacific discriminated against him on account of his alcoholism when it refused to grant his requests to be transferred from Colorado to Arkansas. The Court granted Union Pacific's motion for summary judgment on the ground, inter alia, that Taylor's alcoholism was not a disability within the meaning of the ADA.

In September of 2008, Union Pacific administered a random drug test to Taylor. The test returned positive for cocaine. Taylor asked the testing facility to test his split sample. Taylor's split sample also returned positive for cocaine. Taylor received a letter informing him of the result of this second test on October 10, 2008. That day, according to Union Pacific, Taylor was hand delivered a letter informing him that an investigation into his positive drug test was set for October 16. Union Pacific has attached a copy of the letter to its motion for summary judgment. The letter states the proposed discipline—termination—and informs Taylor that he was entitled to representation and to call witnesses. In his response to the summary judgment motion, Taylor claims that he "was never told [he] had any other option, including the option of proving [his] innocence in an investigation hearing." Union Pacific also offered Taylor the option of signing a waiver agreement and completing rehabilitation treatment. If Taylor accepted this option, he would have been permitted to keep his job. Taylor testified that he did not agree to the waiver because it would have required him to admit that he had used cocaine when, in fact, he had not. That day, October 10, Taylor resigned his position for "personal reasons." He testified that he resigned because did not want to have to tell future employers that he had been fired for drug abuse, and because he understood that he would be fired anyways since he was not going to sign waiver agreement.[2]

Taylor also testified at his deposition that he had been alcohol free for at least three or four years. He testified that he had not had any alcoholic relapses since his prior deposition, nor undergone any other substance abuse treatment. He testified that he has not remained involved with

---

[2] At first, Taylor testified that "Vickie" and "Bruce Hunter" told his that he would be fired his he did not sign the waiver papers. However, he immediately—and of his own accord—retracted that testimony and explained that it was "self knowledge" that he would be fired if he didn't resign or sign the waiver papers.

Alcoholics Anonymous since his prior deposition because he no longer has any desire to drink. He testified that neither his recovery from alcoholism or his alcoholism has prohibited him from working since his prior deposition.

On April 8, 2009, Taylor filed a charge against Union Pacific with the EEOC. The EEOC issued a Notice of Right to Sue letter to Taylor on May 10, 2010. He commenced this action on August 9, 2010.

**II.**

A court should enter summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. If the moving party meets this burden, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting FED. R. CIV. P. 56(e)). A genuine issue for trial exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. In deciding a motion for summary judgment, the Court views all genuinely disputed facts in the light most favorable to the nonmoving party and draws all legitimate inferences in that party's favor. *Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) (en banc). When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to

judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

### III.

Union Pacific seeks summary judgment for four reasons: first, Taylor is collaterally estopped from arguing that he is "disabled" under the ADA definition of disability in effect at the time his claim arose; second, Taylor is unable to show that he is "disabled" within the meaning of the ADA; third, Taylor suffered no adverse employment action; and fourth, Taylor concedes that he has no evidence of discrimination or retaliation.

To recover on a Title VII claim of employment discrimination, a plaintiff must first establish a prima facie case. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). To establish a prima facie case of disability discrimination, a plaintiff "must show 1) he has a disability within the meaning of the ADA, 2) he is qualified to perform the essential functions of his job, with or without reasonable accommodation, and 3) he suffered an adverse employment action because of his disability." *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003) (citing *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1135 (8th Cir. 1999) (en banc)).

Under collateral estoppel, also known as issue preclusion, a court's determination is conclusive in a subsequent proceeding if four elements are satisfied: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment. *Dodson v. Univ. of Ark. for Med. Scis.*, 601 F.3d 750, 761 (8th Cir. 2010) (Melloy, J., concurring) (internal quotation omitted); *see also Olsen*

*v. Mukasey*, 541 F.3d 827, 830-31 (8th Cir. 2008). "Collateral estoppel does not apply if controlling facts or legal principles have changed significantly since [the] prior judgments." *Olsen*, 541 F.3d at 831 (citing *Montana v. United States*, 440 U.S. 147, 155, 99 S. Ct. 970, 974-75, 59 L. Ed. 2d 210 (1979).

The Court's prior determination that Taylor's alcoholism was not a "disability" within the meaning of the ADA was entered on August 27, 2008.[3] In the instant case, Taylor has neither alleged or otherwise offered any facts which arose after the Court's prior determination tending to show that Taylor's alcoholism has significantly changed—or changed at all—such that a fact finder might now find that Taylor's alcoholism substantially limits one or more major life activities. Taylor testified that he has been alcohol free for three or four years and stated in his response that has not used alcohol since July 20, 2005. Further he testified that he has had no relapses since his prior deposition, and no longer needs to be involved with Alcoholics Anonymous since he no longer has any desire to drink. Finally, he confirmed in his deposition on May 24, 2011, that, since his prior deposition, his alcoholism has never prohibited him from working.[4] The new deposition testimony and specific factual allegations offered in this case in no way support the conclusion that Taylor's alcoholism has significantly changed for the worse or has become a disability within the meaning of the ADA. Rather, the new evidence strongly supports the conclusion that Taylor's alcoholism has improved when compared with the relevant time period in the prior proceeding. There has been no significant change in the controlling facts.

---

[3] Taylor's response to Union Pacific's motion for summary judgment in that case was filed on August 22, 2008.

[4] He had testified in his prior deposition, on June 19, 2008, that the only limitations caused by his alcoholism were his inability to associate with certain people or play certain sports.

Union Pacific notes that the ADA's definition of "disability" was amended and the new definition became effective on January 1, 2009. However, Union Pacific correctly points out that, because the facts from which the present case arises occurred in or before 2008, the prior version of the ADA's definition of "disability" controls here. *See Nyrop v. Indep. Sch. Dist. No. 11*, 616 F.3d 728, 734 n.4 (8th Cir. 2010) ("We join our sister courts and hold the ADA Amendments Act of 2008 is not retroactive[.]"). Therefore, there has been no significant change in the controlling legal principles.

The relevant issue in the prior proceeding as well as the instant action, is the same—whether Taylor's alcoholism constitutes a "disability" as defined by the ADA—so the first element of collateral estoppel is met. Since the Court's order granting summary judgment in Union Pacific's favor in the prior proceeding specifically addressed whether Taylor's alcoholism constituted a "disability" within the meaning of the ADA, and concluded that it did not, the second element is also met. 18 James W. Moore, Moore's Federal Practice § 132.03[2][j], at 132-89 (3d ed. 2010) ("Issue preclusion generally applies when the prior determination is based on a motion for summary judgment."). The third element is met because the Court's order of summary judgment disposed of the entire action—rendering it final. *See* 28 U.S.C. § 1291. Whether the fourth element is met here is less clear because the Court granted Union Pacific's motion for summary judgment based on alternative, independent grounds. In such a scenario, the first Restatement of Judgments declares the prior decision preclusive as to both alternative grounds. However, the second Restatement of Judgments takes the contrary approach. The Circuits are split regarding which restatement offers the better approach. *See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 251-52 (3d Cir. 2006) (noting that the "Courts of Appeals for the Second, Seventh, Ninth, and Eleventh

Circuits generally give preclusive effect to alternative findings," while the "Courts of Appeals for the Tenth and Federal Circuits have refused to give preclusive effect to alternative findings that were each independently sufficient to support a judgment."). If the Court adopts the first Restatement's approach, the final element would be met and collateral estoppel would bar Taylor's attempt to establish that he is "disabled" within the meaning of the ADA.

The Court need not decide whether or not Taylor's allegation that his alcoholism constitutes a disability under the ADA is barred by collateral estoppel. As the Court explained above, none of the new evidence presented in the instant action tends to prove that Taylor's alcoholism has changed for the worse. Taylor has offered no evidence tending to establish that his alcoholism substantially limits one or more of his major life activities. *See Wallin v. Minn. Dept. of Corr.*, 153 F.3d 681, 686 n.4 (8th Cir. 1998) (citing *Burch v. Coca-Cola Co.*, 119 F.3d 305, 314-18 (5th Cir. 1997)). Rather, the Taylor's very own testimony establishes that he has not used alcohol for years and that he no longer even has the desire to drink. Considering the matter de novo, based on the full record in the instant action, the Court concludes as a matter of law that Taylor's alcoholism is not a disability within the meaning of the ADA. *See* 42 U.S.C. § 12102(2)(A) (2000). Since Taylor has failed to prove that he is disabled, he cannot establish a prima facie case for disability discrimination. *Philip*, 328 F.3d at 1023; *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1034 (8th Cir. 2005). Summary judgment in Union Pacific's favor is warranted. *Epps v. City of Pine Lawn*, 353 F.3d 588, 592 (8th Cir. 2003) (citing *Nesser v. Trans World Airlines, Inc.*, 160 F.3d 442, 445 (8th Cir. 1998)).

Even if Taylor's alcoholism were a disability, Taylor has failed to create a material question of fact regarding whether he suffered an adverse employment action. Taylor resigned his position and, "an employee cannot submit a resignation and then claim the employer's acceptance of the

resignation is an adverse employment action."[5] *Curby v. Solutia, Inc.*, 351 F.3d 868, 872 (8th Cir. 2003). In his response to Union Pacific's motion, Taylor explains that he resigned because he was told that he would be discharged if he did not sign the waiver agreement and that he was under "great duress." Taylor neglected to include this allegation in his complaint. Furthermore, this allegation is flatly contradicted by the Union Pacific's letter asking Taylor to report for an investigation into his drug result and informing him of his rights and opportunity to participate in the investigation. Additionally, Taylor even disavowed his allegation that supervisors told him he would be fired if he did not sign the waiver agreement and testified that "it was self knowledge." Nevertheless, even if the Court treats Taylor's statements in his response as evidence tending to establish that he was told that he would be terminated if he did not sign the waiver agreement, he has still failed to show that he suffered an adverse employment action. *See Krane v. Capital One Servs., Inc.*, 314 F. Supp. 2d 589, 611 (E.D. Va. 2004) (collecting cases holding that "the mere threat of termination, standing alone, is only the threat of an adverse employment action, not an adverse employment action itself."). Indeed, according to Taylor's version of events espoused in his response, he could have avoided losing his job by signing the waiver agreement. Since Taylor did not suffer an adverse employment action, summary judgment on his disability discrimination and retaliation claims is appropriate.[6]

---

[5] This is not a constructive discharge case since Taylor has made no allegations that Union Pacific made his working conditions intolerable. *See Lisdahl v. Mayo Found.*, 633 F.3d 712, 718 (8th Cir. 2011).

[6] It is unclear whether Taylor's claim for retaliation is based on his resignation or on the allegation, which he presents in his response to Union Pacific's motion, that he was suspended in July of 2008 in retaliation for the first action he brought against Union Pacific. If the former, the claim fails for the reasons discussed in this opinion. If the latter, the claim fails because Taylor does not allege or attempt to prove that he presented this allegation in an EEOC charge and, consequently, he fails to sufficiently plead that he exhausted his administrative remedies. See *Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007).

Taylor makes much of the fact that he subsequently tested negative for cocaine in a test which he concedes was performed months after he had resigned. Even if Union Pacific's conduct amounted to an adverse employment action, this later drug test is irrelevant with respect to Taylor's claim for discrimination because Union Pacific was unaware of it when it made its decision. Furthermore, an employer need not be factually correct that an employee has committed a violation—the employer need only honestly believe that the employee committed the violation. *Johnson v. AT & T Corp.*, 422 F.3d 756, 762 (8th Cir. 2005). Here, it is undisputed that Taylor's first test as well as his split sample test both returned positive for cocaine. Union Pacific would have acted within its sound business judgment had it terminated Taylor based on these drug test results.[7]

## CONCLUSION

For the foregoing reasons, Union Pacific's motion for summary judgment is GRANTED. Document #20.

IT IS SO ORDERED this 9th day of August, 2011.

         *J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT COURT

---

[7] Taylor admitted in deposition that he was unaware of any other employees who tested positive for cocaine but who was allowed to proffer the results of a test that employee had done on his or her own to contradict Union Pacific's drug test's results.